IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sabre Energy Corporation,

        Plaintiff,

   v.

Gulfport Energy Corporation, et al.,

        Defendants.

Case No: 2:19-cv-5559

Judge Graham

Magistrate Judge Deavers

<u>Opinion and Order</u>

Plaintiff Sabre Energy Corporation brings this breach of contract action alleging that it is owed royalty payments on oil and gas production from "horizontal deep wells" which are operated by defendants Gulfport Energy Corporation and Antero Resources Corporation. This matter is before the court on Antero's motion to dismiss. Antero seeks dismissal of the complaint on the grounds that Sabre failed to join required parties under Rule 19, Fed. R. Civ. P. Antero further seeks dismissal of Sabre's equitable accounting claim on the grounds that fact discovery relating to the breach of contract claim will provide an adequate means to determine any royalties that are owed. For the reasons stated below, Antero's motion is denied as to the joinder argument but granted as to the accounting claim.

**I.    Background**

In 1992 Sabre obtained Overriding Royalty Interests (ORRIs) in 25 oil and gas leases relating to wells in Belmont, Guernsey, Monroe and Noble Counties in eastern Ohio. Sabre obtained the ORRIs through two separate assignments made by the TransAtlantic Management Company, which held the underlying oil and gas leases. The first assignment related to 17 leases and the second to 8. Both assignments provided that the ORRIs pertained to the "wells and drilling units associated therewith." For 24 of the 25 leases, Sabre's ORRI was set at 2% of production; for the 25th, it was set at 1%.

According to the complaint, a "drilling unit" is a term of art in the oil and gas industry which means that the interest extends from the surface to the core of the earth. Sabre alleges that the assignments did not otherwise contain any restrictions at to geological strata or depth.

Gulfport and Antero are the successors to TransAtlantic. The complaint alleges that Gulfport and Antero have drilled additional oil and gas wells on the acreage subject to the underlying leases and to Sabre's ORRI. These wells have been drilled to a depth known as the Utica Shale/Point Pleasant formation and are called "horizontal deep wells."

Sabre notified Gulfport and Antero of its ORRI and asserted a right to payment from the production of the horizontal deep wells at issue. Gulfport and Antero both took the position that Sabre was not entitled to royalties from the horizontal deep wells because they believed that the assignments were limited to "shallow wells."

Sabre filed this suit, invoking the court's diversity jurisdiction. It asserts a claim for breach of contract, alleging that Gulfport and Antero have failed to make payment of the ORRI due to Sabre under the assignments. Sabre also asserts a claim for equitable accounting, alleging that it is entitled to obtain all of the information from which an accurate calculation of its royalties can be made.

Gulfport filed an answer denying Sabre's claims. On November 23, 2020, Gulfport submitted a notice that it had filed a petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. The Bankruptcy Court approved a Chapter 11 plan of reorganization, which became effective on May 17, 2021 and thereby lifted the automatic stay, 11 U.S.C. § 362(a), of any claims against Gulfport which had not been discharged.

Antero has filed a motion to dismiss that is twofold. First, Antero argues that Sabre's assertion of an ORRI in the horizontal deep wells is adverse to the interests of certain non-parties – specifically, two trusts which exist under Ohio law and which hold valid ORRIs in the wells. Antero contends that if Sabre receives a 2% ORRI, then the royalties received by the trusts will be reduced or eliminated. In Antero's view, the trusts are necessary and indispensable parties to this action but cannot be joined because doing so would destroy diversity jurisdiction. Antero thus argues that the suit must be dismissed.

Second, Antero argues that the claim for an accounting must be dismissed because Ohio law does not recognize such a claim when discovery related to other causes of action provides an adequate legal remedy for determining how much money is owed to plaintiff.

## II.     Joinder under Rule 19
### A.     Legal Standard

A party may move to dismiss a complaint under Rule 12(b) for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). The joinder analysis under Rule 19 involves three steps. *See*

*Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1345–46 (6th Cir. 1993). First the court determines whether the absent party is a "required party" under Rule 19(a). *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 859, 862 (2008) (noting that an amendment to Rule 19 had replaced the old terminology of "necessary" and "indispensable" parties). Second, if an absent party is a required party, the court determines whether their joinder is feasible. *See* Fed. R. Civ. P. 19(b); *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). Third, if the required party cannot be joined, the court must analyze four factors under Rule 19(b) to determine whether the court should "in equity and good conscience" proceed among the existing parties. Fed. R. Civ. P. 19(b); *Glancy*, 373 F.3d at 666.

Sabre and Antero dispute the first and third steps. They agree under the second step that the absent parties cannot be joined. Sabre is an Ohio corporation and the absent parties are Ohio residents. *See* Doc. 1, ¶ 5; Doc. 7-1, ¶¶ 5-6. Thus, joinder of the absent parties is not feasible because it would deprive this court of diversity jurisdiction. *See* 28 U.S.C. § 1332; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires complete diversity of citizenship).

**B.  The Trusts are not Required Parties**

The first step is to determine whether there is a person or entity who is a non-party but who is required to be joined if feasible. Fed. R. Civ. P. 19(a). An absent party is required if either:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)–(B); *see also Norfolk S. Ry. Co. v. Baker Hughes Oilfield Operations, LLC*, 443 F.Supp.3d 877, 883 (S.D. Ohio 2020). The burden is on the moving party to establish that a non-party person or entity is required under Rule 19(a). *Id.* "The moving party may satisfy this burden through the production of affidavits or other relevant extra-pleading evidence." *Reilly v. Meffe*, 6 F.Supp.3d 760, 774 (S.D. Ohio 2014) (internal quotations omitted).

Antero argues that two trusts are required parties: the Talmage Trust and the Haid Trust. Both of these Trusts have ORRIs in the horizontal deep wells for which Sabre claims it should be receiving royalty payments. In 2011 and 2012 the Trusts obtained ORRIs which equal "the difference between

3

(i) eighteen percent (18%) and (ii) the sum of all burdens existing on a Lease including, without limitation, royalty, overriding royalty, net profits interests, and other similar interests of record." Doc. 7-3 at PAGEID 103; Doc. 8 at PAGEID 281. According to Antero, the current sum of all other existing burdens on the leases at issue is 17.5%, which leaves the Trusts with a royalty of 0.5%. Were the court to determine that Sabre's claim of a 2% ORRI (or 1% for the 25th well) is valid, then the sum of existing burdens would be 19.5% and the Trusts would be left with no royalty payments. For purposes of the motion to dismiss, Sabre does not dispute these facts asserted by Antero about the nature of the Trusts' ORRI.

Antero argues that the Trusts are required parties because they have a "competing" interest which creates an "irreconcilable conflict" with Sabre's asserted claim. Antero contends that the court cannot afford complete relief among the parties because the priorities of the interests of Sabre and the Trusts cannot be adjudicated without the Trusts being present in the litigation. Antero further argues that disposing of this action in the Trusts' absence would prevent the Trusts from defending their interests against Sabre's attempt to eliminate them and would leave Antero in the position of being subject to the risk of inconsistent obligations to pay royalties both to Sabre and to the Trusts.

The court finds Antero's arguments to be without merit. The focus of Rule 19(a)(1)(A) is "on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Sales v. Marshall*, 873 F.2d 115, 121 (6th Cir. 1989) (internal quotation marks omitted). Sabre seeks a legal determination that the language of the assignments it received from TransAtlantic included ORRIs in any horizontal deep wells drilled on the acreage subject to the leases. Gulfport and Antero are the successors to TransAtlantic and thus each of the parties to the assignments at issue are present in this litigation. The court can afford complete relief among the existing parties to this breach of contract action. *See Bounty Mins., LLC v. Chesapeake Expl., LLC*, No. 5:17CV1695, 2019 WL 7048981, at *8 (N.D. Ohio Dec. 23, 2019) (rejecting argument that co-lessors on oil and gas leases were required parties, because plaintiff's breach of contract claim put only plaintiff's own rights at issue).

Furthermore, proceeding with this litigation in the Trusts' absence would not impede their ability to protect their interests, nor would it create a risk of inconsistent obligations. Sabre is not asking the court to determine the priorities of the interests of Sabre and the Trusts. Sabre merely seeks a determination that it has a valid ORRI in the horizontal deep wells and is entitled to payment. Antero's characterization of the Trusts as having an inconsistent or irreconcilable interest to Sabre's is misleading. Sabre's claimed interest is a flat 2%. In contrast, the Trusts' ORRIs are expressly

4

variable and dependent upon the interests of others, as they are calculated with reference to existing burdens on the oil and gas leases. Specifically, the Trusts receive a royalty payment only to the extent that the sum of those other interests is less than 18%.

Sabre does not assert that the Trusts' interests are invalid or unenforceable. Rather, Sabre's claim, if successful, would only change the result of the calculation of the payments to be received by the Trusts. It would not eliminate or undermine the validity of the Trusts' ORRIs, nor would it change the formula used to calculate the Trusts' royalties. The fact that Sabre's claimed ORRI, if valid, would have the net result of the Trusts not receiving any royalty payments does not make Sabre's claim irreconcilable to the Trusts' interests, nor does it make Sabre's claim any more conflicting with the Trusts' interests than all of the other existing burdens on the wells that currently add up to 17.5%.

The prospect that the Trusts face – of receiving no royalties payments if Sabre's 2% claim is upheld – does not violate their expectation interests. The Trusts agreed in their assignment contracts to receive ORRIs that are dependent upon the sum of other ORRIs of record. To the extent the outcome of this lawsuit has the effect of reducing the royalty payments which the Trusts receive, it is by operation of the assignment contracts and not because this court would be declaring that the Trusts' interests are invalid, eliminated or impaired.

The court thus finds that the Trusts are not required parties under Rule 19(a), and the joinder analysis ends there. *See Local 670, et. al. v. International Union, et. al.*, 822 F.2d 613, 618 (6th Cir. 1987) (if the court determines that a party is not necessary under Rule 19(a), "joinder, as well as further analysis, is unnecessary").

III.   **Equitable Accounting Claim**

Antero moves under Rule 12(b)(2) to dismiss the accounting claim for failure to state a claim. When considering a motion under Rule 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal*, 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56.

Historically, a cause of action for accounting sought "a determination by a court of what may be due the respective parties as a result of the relationship between them." *Moore v. Sweda*, 27 Ohio App.3d 38, 499 N.E.2d 371, 373 (Ohio Ct. App. 1985). *See also Bradshaw v. Thompson*, 454 F.2d 75, 79

5

(6th Cir.1972) ("An accounting is a species of disclosure, predicated upon the legal inability of a plaintiff to determine how much, if any, money is due him from another."). The required elements were "fraud, [a] fiduciary or trust relationship, and necessity." *Miller Med. Sales, Inc. v. Worstell*, No. 91AP-610, 1992 WL 31988, at *6 (Ohio Ct. App. Feb. 18, 1992) (citing *Bonnell v. B. & T. Metals Co.*, 81 N.E.2d 730, 732 (Ohio Ct. App. 1948)).

However, with liberal discovery rules and the availability of other legal remedies, it "will be the rare case where an equitable accounting lies." *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, No. 2:06-CV-00126, 2007 WL 1144866, at *4 (S.D. Ohio Apr. 16, 2007). *Accord Digital 2000, Inc. v. Bear Commc'ns., Inc.*, 130 Fed. App'x 12, 23 (6th Cir. 2005) ("In light of the broad discovery available to litigants, accounting actions are of dubious utility."); *Boland v. First Winthrop Corp.*, No. 1:09-CV-218, 2010 WL 3037076, at *2–3 (S.D. Ohio Aug. 2, 2010) ("Equitable accounting actions are rare since the advent of the Federal Rules of Civil Procedure because the liberal standards of the Rules generally afford plaintiffs the opportunity to obtain discovery relevant to their asserted claim."). In order to pursue an accounting claim, plaintiff must show that "'other legal remedies are inadequate.'" *Phillippi v. Jim Phillippi, Inc.*, No. 2:07-CV-1001, 2009 WL 1911763, at *3 (S.D. Ohio June 26, 2009) (quoting *Bradshaw*, 454 F.2d at 79).

The court finds that Sabre's claim for equitable accounting fails as a matter of law. The complaint does not allege any of the required elements of fraud, the existence of a fiduciary or trust relationship, and necessity. Moreover, the discovery to which Sabre is entitled in relation to its breach of contract claim provides an adequate legal remedy for determining the amount of royalty payments that would be owed to Sabre if it prevails. *See Executone*, 2007 WL 1144866, at *4 ("Defendants' case is not one of those 'rare cases' since their damages are readily ascertainable through discovery."); *Phillippi*, 2009 WL 1911763, at *3 ("Phillippi's breach of fiduciary duty claim, and the liberal discovery it affords, provides Phillippi an adequate legal remedy for determining whether and the extent to which Defendants commingled and misused corporate assets.").

## IV. Conclusion

Accordingly, Antero's motion to dismiss (doc. 7) is granted in part and denied in part. It is granted as to the claim for equitable accounting and denied as the argument that the complaint must be dismissed for failure to join required parties.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: July 2, 2021